UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Willie D. JOHNSON, | Case Number 3-98-cv-4043-SI |
| Petitioner, | <u>DEATH-PENALTY CASE</u> |
| v. | ORDER DENYING RESPONDENT'S RENEWED MOTION TO CONDUCT MENTAL EXAMINATION OF PETITIONER |
| Vince CULLEN, Acting Warden of San Quentin State Prison, | |
| Respondent. | [Doc. No. 236] |

In Claims H and P of his application for a writ of habeas corpus, Petitioner asserts that his trial counsel rendered ineffective assistance of counsel and that Petitioner was prejudiced thereby. Petitioner alleges, among other things, that his trial counsel unreasonably failed to develop and to present expert testimony concerning Petitioner's mental health. The Court has scheduled an evidentiary hearing on these (and other) claims. (Doc. No. 119.) In connection with preparation for the evidentiary hearing, Respondent moves for an order requiring Petitioner to submit to a mental examination by Respondent's mental health expert, Daniel A. Martell, Ph.D. (Doc. No. 236.)

Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts controls the conducting of discovery in the present action. In pertinent part, Rule 6(a) provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of

1

1  Civil Procedure and may limit the extent of discovery." Rule 6(b) instructs that "[a] party requesting
2  discovery must provide reasons for the request. The request must also include any proposed
3  interrogatories and requests for admission, and must specify any requested documents."

4  Respondent argues that there is "good cause" for him to conduct a mental-health examination
5  of Petitioner because Petitioner "placed his mental status at issue" by alleging and supporting the
6  mental-health issues raised in Claims H and P. (Doc. No. 236 at 3.) In Dr. Martell's words, he
7  states that he "will need to conduct an independent psychodiagnostic and neuropsychological
8  examination of Mr. Johnson in order to assess properly the mental claims being put forth in the
9  matter before the Court"; moreover, Dr. Martell believes that his "ability to examine petitioner is
10 particularly important in view of the fact that petitioner's mental health expert(s) have had access
11 to him for their forensic examination and evaluation purposes." (Doc. No. 239-1 at 4.)

12 However, Petitioner's mental state and neurobehavioral functioning as such are not presently
13 at issue. Rather, the relevant question that the Court must answer is whether Petitioner's trial
14 counsel failed to provide Petitioner with effective assistance at his trial in 1987 by failing to develop
15 and to present expert testimony concerning Petitioner's mental health. This is quite a specific
16 question. Of course Petitioner's habeas counsel retained a mental-health expert who examined
17 Petitioner in 1992 in an effort to determine what testimony Petitioner's trial counsel could have
18 developed and presented, and Respondent of course has the right to respond to the testimony
19 Petitioner contends should have been presented. But Respondent does not explain, and the Court
20 cannot discern, how authorizing Respondent's habeas counsel to conduct the requested examination
21 now, in 2010, is relevant to the specific question involved in determining what testimony
22 Petitioner's trial counsel could have developed and presented at the time of trial. In short,
23 Respondent has failed to "provide reasons" that establish "good cause" for authorizing the discovery
24 requested; accordingly, the Court is barred by Rule 6 of the Rules Governing Section 2254 Cases
25 in the United States District Courts from granting Respondent's motion. *See Ashmus v. Wong*, No.
26 3-93-cv-594-TEH (N.D. Cal. Oct. 27, 2009) (denying Respondent's motion for Dr. Martell to
27 conduct a mental examination of a capital habeas petitioner in connection with claims of ineffective
28 assistance of counsel).

1   For the reasons set forth herein, and good cause appearing therefor, the Court hereby denies
2 Respondent's motion to conduct a mental examination of Petitioner, (Doc. No. 236). The hearing
3 on Respondent's motion, set for August 27, 2010, is vacated.

5   IT IS SO ORDERED.

8 DATED:  August 23, 2010 _____
    SUSAN ILLSTON
9   United States District Judge