UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Willie D. JOHNSON, | Case Number 3-98-cv-4043-SI |
| Petitioner, | <u>DEATH-PENALTY CASE</u> |
| v. | **ORDER GRANTING MOTION TO RECONSIDER AND STAYING EVIDENTIARY HEARING AND STRIKING PORTIONS OF UNEXHAUSTED CLAIMS** |
| Vince CULLEN, Acting Warden of San Quentin State Prison, | |
| Respondent. | |

Currently before the Court is Respondent's motion to reconsider two of the Court's prior rulings in light of two recent United States Supreme Court decisions. First, Respondent asks the Court to reconsider its March 10, 2004 Order granting Petitioner's motion for an evidentiary hearing in light of the April 4, 2011 decision by the Supreme Court in *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). Second, Respondent asks the Court to reconsider its January 14, 2002 Order denying Respondent's motion to dismiss claims that were rejected by the California Supreme Court in Petitioner's second state court habeas petition as untimely in light of the February 23, 2011 decision by the Supreme Court in *Walker v. Martin*, 131 S. Ct. 1120 (2011). For reasons described in more detail below, the Court finds that reconsideration is appropriate in light of the new Supreme Court decisions and GRANTS the relief Respondent seeks.

**BACKGROUND**

Petitioner Willie D. Johnson, an inmate on California's death row at San Quentin State Prison, seeks a Writ of Habeas Corpus from this Court pursuant to 28 U.S.C. § 2254 (2003). The factual background of this case has been extensively discussed in prior Court orders, *see, e.g.*, Docket No. 119. However, a brief discussion of the procedural history of the case is necessary.

Petitioner was convicted of murder (Cal. Penal Code § 187); attempted murder (*id*. § 664); robbery in an inhabited dwelling (*id*. § 213.5); and first-degree burglary (*id*. §§ 459-60). The jury found "special circumstances" of robbery and burglary felony-murder. *Id*. § 190.2. The jury also found that Petitioner used a firearm in the commission of these offenses (*id*. § 12022.5), and inflicted great bodily injury in the commission of the attempted murder, the robbery, and the burglary. *Id*. § 12022.7. Following the penalty phase of his trial, the jury sentenced Petitioner to death.

On July 20, 1992, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. Answer Ex. 92. That petition was denied on its merits. Petitioner filed his petition for writ of habeas corpus ("Petition") in this Court in 1998. On June 30, 2000, this Court granted Respondent's motion to dismiss portions of Petitioner's claims ("Challenged Claims") that had not been exhausted in state court, and Petitioner withdrew the Challenged Claims. *See* Docket Nos. 71, 73.[1] Petitioner filed his second petition for writ of habeas corpus in the California Supreme Court on July 20, 2000, and on July 13, 2001, the California Supreme Court denied the petition on the merits and as untimely. Answer Exs. 158, 164. Petitioner then returned to this Court and amended his Petition to include the Challenged Claims. Docket No. 88. In November 2001, Respondent filed

---

[1] Specifically, the Court found unexhausted: "Claim J to the extent it alleges that trial counsel was ineffective for not preserving the admissibility issue on appeal; Claim P to the extent it asserts that trial counsel was ineffective for not making an opening statement at the penalty phase, for not making an effective closing argument at the penalty phase, and for not objecting to the prosecutor's closing argument about petitioner's future dangerousness; Claim R to the extent it asserts a Fifth Amendment violation; Claim T to the extent it asserts a Fifth Amendment violation, that petitioner was arbitrarily deprived of a state-created liberty interest, and a Sixth Amendment violation based on trial counsel's failure to object to the prosecutor's closing argument; Claim U to the extent it asserts a Sixth Amendment violation based on the prosecutor's argument and the jury instructions; Claim V to extent it asserts that petitioner was arbitrarily deprived of a state-created liberty interest; and Claim W to extent it asserts a variety of legal challenges, as identified by respondent, to California's 1978 death penalty statute." *See* Docket No. 71 at 60-61.

a motion to dismiss the Challenged Claims for procedural default, but acknowledged that the Ninth Circuit had held that a California court ruling that habeas claims were untimely was not an adequate or independent ground which would preclude federal habeas review. In light of the Ninth Circuit precedent, the Court denied to motion to dismiss as to the Challenged Claims. *See* Docket No. 100 at n1 & 15.

On March 10, 2004, the Court granted Petitioner's request for an evidentiary hearing as to Claims A, H, I and P, as well as part of Claim Q. Docket No. 119 at 17.[2] In determining whether to grant the request for an evidentiary hearing, the Court applied the AEDPA standard regarding evidentiary hearings, 28 U.S.C. § 2254(e)(2). The Court, however, did not decide whether Petitioner had met his eventual burden to show that the state court's determination on those habeas claims was contrary to or an unreasonable application of clearly established Federal law under 28 U.S.C. § 2254(d)(1). *See, e.g.*, Docket No. 119 at 13 (explicitly declining to reach the question of whether Section 2254(d)(1)'s standard had been met as to Petitioner's ineffective assistance of counsel claims).

Respondent now moves for reconsideration of the decision granting the evidentiary hearing in light of *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). In *Pinholster*, the Supreme Court held that review under Section 2254(d)(1) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Id.*, 131 S. Ct. at 1398. Respondent argues that, in light of *Pinholster*, this Court should analyze whether any of Petitioner's claims survive Section 2254(d)(1) review prior to holding an evidentiary hearing, which entails substantial time and expense. Respondent also moves for reconsideration of the motion to dismiss as to the Challenged Claims that the California Supreme Court found were untimely. The United States Supreme Court in *Walker v. Martin*, 131 S. Ct. 1120 (2011), held that California's timeliness requirement for habeas petitions is an independent state ground adequate to bar habeas corpus relief in federal court.

---

[2] An evidentiary hearing was granted only as to the part of Claim Q that involves allegations that jurors were exposed to extra-record statements during deliberations. Docket No. 119 at 17.

# DISCUSSION

## I. The Evidentiary Hearing Should be Stayed Pending This Court's Section 2254(d)(1) Review

In *Cullen v. Pinholster*, 131 S. Ct. 1388, the Supreme Court held that for habeas claims that have been decided on their merits in state court, a federal court's review under Section 2254(d)(1) – whether the state court determination was contrary to or an unreasonable application of established federal law – must be confined to the record that was before the state court. 131 S. Ct. at 1398. Respondent argues that in light of *Pinholster* this Court should conduct the Section 2254(d)(1) review of Petitioner's claims prior to holding an evidentiary hearing under Section 2254(e)(2), as the expense and time required for an evidentiary hearing should not be expended if Petitioner's claims will not survive 2254(d)(1) review.

Petitioner responds that *Pinholster* did not change, but merely confirmed, the law and that this Court need not reconsider its 2004 decision to grant Petitioner's request for an evidentiary hearing because Petitioner argued, and this Court "implicitly" found, that Petitioner's claims for which an evidentiary hearing was granted already survived the 2254(d)(1) standard. *See* Oppo. at 2-7; Sur-Reply at 3.[3] The Court, however, recognizes that it did not determine whether Petitioner's claims survive the 2254(d)(1) standard in granting Petitioner's motion for an evidentiary hearing in 2004. Instead, the Court followed standard practice at that time, and determined whether the hearing was merited under the criteria of 2254(e)(2). The Court now concludes that given the posture and history of this case, the Court should stay the evidentiary hearing, including the required attorney and investigative work, until the Court rules on whether Petitioner's claims survive the 2254(d)(1) standard.

## II. Claims Found Untimely by the California Supreme Court Will be Stricken from Petition

As noted above, the United States Supreme Court in *Walker v. Martin*, 131 S. Ct. 1120

---

[3] Petitioner filed a SurReply [Docket No. 281] without leave of Court. Respondent moves to strike the unauthorized SurReply. Docket No. 283. Given the import of the issues, the Court grants Petitioner leave to file the SurReply and DENIES the motion to strike.

(2011), held that California's timeliness requirement is an independent state ground adequate to bar habeas corpus relief in federal court. Petitioner argues that *Martin* does not affect his Petition because this Court has already rejected the argument – based on Ninth Circuit precedent overruled by *Martin* – and because Petitioner's initial habeas petition in state court was filed prior to the trio of cases that established California's timeliness requirements. *See* Oppo. at 10-12.

The Court finds that the holding in *Martin* is directly applicable to the facts of this case and that Petitioner cannot proceed with the claims the California Supreme Court ruled were untimely. The doctrine of law of the case cannot preclude the application of *Martin* to Petitioner's case, nor does the fact that the California Supreme Court had not yet finally determined how habeas claims would be reviewed for timeliness at the time when Petitioner filed his *initial* habeas petition in state court. These conclusions are supported by the procedural history of the petition in *Martin*, which mirrors the history of this case. In *Martin*, the petitioner filed his first round of state habeas claims in 1998, and after they were denied, filed his petition in U.S. District Court. 131 S. Ct. at 1126. The District Court stayed the federal proceedings pending Martin's return to state court to exhaust his claims there. *Id.* After Martin's claims were denied as untimely by the California Supreme Court, he returned to federal court and filed an amended petition. The District Court judge dismissed the belatedly asserted claims as procedurally precluded. *Id.* at 1126-27. The Ninth Circuit reversed, but the United States Supreme Court affirmed the trial court's ruling, holding that California's determination that the belatedly raised ineffective-assistance-of-counsel-claims habeas claims were untimely was an independent and adequate bar to federal habeas relief.

As *Martin* is legally and procedurally indistinguishable from this case, the Court finds it appropriate to GRANT Respondent's motion for reconsideration and holds that the claims or portion of claims denied as untimely in Petitioner's second state court habeas petition, *see* Docket No. 71 at 60-61, are barred.[4] During the hearing on the motion for reconsideration, Petitioner's counsel

---

[4] The Court notes that Petitioner does not argue that "cause" and "prejudice" prevents the application of the procedural default bar in this case. *See Walker v. Martin*, 131 S. Ct. 1120, 1127 ("Accordingly, absent showings of 'cause' and 'prejudice,' . . . federal habeas relief will be unavailable when (1) "a state court [has] declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," and (2) "the state judgment rests on

confirmed that in light of the Court's inclination to find the Challenged Claims barred, those claims should be STRICKEN from the Petition and Petitioner's counsel so moved. The Court, therefore, GRANTS Petitioner's motion to STRIKE the Challenged Claims from the Petition.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS Respondent's motion for reconsideration and, on reconsideration, STAYS the Evidentiary Hearing (Docket No.102) until the Court determines whether Petitioner's claims survive 2254(d)(1) reivew. The Court also GRANTS Respondent's motion to reconsider the motion to dismiss the Challenged Claims as procedurally barred and STRIKES from the Petition the following claims:

> Claim J to the extent it alleges that trial counsel was ineffective for not preserving the admissibility issue on appeal; Claim P to the extent it asserts that trial counsel was ineffective for not making an opening statement at the penalty phase, for not making an effective closing argument at the penalty phase, and for not objecting to the prosecutor's closing argument about petitioner's future dangerousness; Claim R to the extent it asserts a Fifth Amendment violation; Claim T to the extent it asserts a Fifth Amendment violation, that petitioner was arbitrarily deprived of a state-created liberty interest, and a Sixth Amendment violation based on trial counsel's failure to object to the prosecutor's closing argument; Claim U to the extent it asserts a Sixth Amendment violation based on the prosecutor's argument and the jury instructions; Claim V to extent it asserts that petitioner was arbitrarily deprived of a state-created liberty interest; and Claim W to extent it asserts a variety of legal challenges, as identified by respondent, to California's 1978 death penalty statute.

**IT IS SO ORDERED.**

DATED: June 1, 2011

_Susan Illston_
SUSAN ILLSTON
United States District Judge

---

independent and adequate state procedural grounds." (quoting *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991)).