1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **NORTHERN DISTRICT OF CALIFORNIA**
10         **SAN FRANCISCO DIVISION**
11

12   Willie D. JOHNSON,                    Case Number 3-98-cv-4043-SI

13                         Petitioner,     DEATH-PENALTY CASE

14             v.                          ORDER DENYING PETITIONER'S
                                           MOTION FOR LEAVE TO FILE
15   Kevin CHAPPELL,[1]                    MOTION FOR RECONSIDERATION
     Acting Warden of San Quentin State Prison,   OF ORDER REGARDING § 2254(d)(1)
16
                          Respondent.      [Doc. No. 316]
17

18          In this capital habeas action, the Court previously granted Petitioner an evidentiary hearing

19   on five claims in his Petition, all of which had been denied on the merits by the Supreme Court of

20   California.  (Doc. No. 119.)  The Court subsequently stayed the evidentiary hearing pending a

21   review of the claims "limited to the record that was before the state court that adjudicated the

22   claim[s] on the merits," *Cullen v. Pinholster*, 563 U.S. ___, 131 S. Ct. 1388, 1398 (2011).  (Doc. No.

23   287.)  The Court then issued its Order Regarding § 2254(d)(1), in which it conducted that review.

24   (Doc. No. 315.)

25          Petitioner moves for leave to file a motion for reconsideration of the Court's Order

26   Regarding § 2254(d)(1).  (Doc. No. 316.)  Respondent opposes the Motion.  (Doc. No. 320.)

27   _____

28          [1] Respondent's name is correctly spelled as indicated here.

                                            1

As a premise for his Motion, Petitioner states,

> As Petitioner understands the Court's Order, in view of the Supreme Court's decision in [*Pinholster*], the Court is now denying an evidentiary hearing on four of the five claims on which it had previously granted such a hearing.  The one exception appears to be Petitioner's claim of actual innocence, focused on the portion of the California Supreme Court order that acknowledged that Petitioner had not been able to produce any information or evidence concerning his claim of alibi.  [Citation.]  The Court thereafter directed the parties to offer briefing to address the actual innocence and alibi evidence.

(Doc. No. 316-1 at 1–2.)

Petitioner misunderstands the Order Regarding § 2254(d)(1):  Petitioner's inference that the Court decided more than it purported to decide is incorrect.  The Court concluded only that 28 U.S.C. § 2254(d)(1) (2012) presently does not permit granting Petitioner federal habeas relief on the claims at issue.  It does not necessarily follow that the Court cannot or should not hold an evidentiary hearing on the claims.

As the Court noted in the Order, "'*Pinholster*, though seemingly straightforward and unambiguous, actually raises more questions than it provides answers regarding a district court's ability to conduct evidentiary hearings and permit new evidence in federal habeas proceedings.'" (Doc. No. 315 at 24–25 (quoting *Rodriguez v. Adams*, No. 4-4-cv-2233-PJH, 2012 WL 610482, at *2 (N.D. Cal. Feb. 24, 2012).)  Indeed, "while the *Pinholster* decision limits the evidence that may be considered in adjudicating a federal habeas petition, it did not decide or even address when an evidentiary hearing is proper in a federal habeas proceeding, nor does it prohibit a federal court from holding an evidentiary hearing." *Lor v. Felker*, No. 2-8-cv-2985-GEB-DAD-P, 2012 WL 1604519, at *5 n.3 (E.D. Cal. May 7, 2012).

Thus, for example, it may be that the Court should hold an evidentiary hearing on the claims and, if the new evidence "strengthen[s any] claim to the point that [it] would be potentially meritorious—that is, that a reasonable state court might be persuaded to grant relief on that claim," then "stay the proceeding in order to give [Petitioner] an opportunity to return to state court and present his claim with the benefit of the materials that were not available and not part of the record at the time of the California Supreme Court decision." *Gonzalez v. Wong*, 667 F.3d 965, 972 (9th

Cir. 2011); *see, e.g.*, *Hughes v. Chappell*, No. 3-3-cv-266-JSW, 2012 WL 3542475, at *2–3 (N.D. Cal. July 25, 2012); *cf., e.g.*, *Runningeagle v. Ryan*, 686 F.3d 758, 773 (9th Cir. 2012).  Moreover, it may be that in *Pinholster*, "the majority d[id] not intend to suggest that review is limited to the state-court record when a petitioner's inability to develop the facts supporting his claim was the fault of the state court itself," 131 S. Ct. at 1417 n.5 (Sotomayor, J., dissenting), as is the case for Petitioner, (Doc. No. 119 at 9–15).  Similarly, an evidentiary hearing on the claims may be appropriate if relief may be permitted under 28 U.S.C. § 2254(d)(2) (2012), depending on whether the "state court's fact-finding process survives the intrinsic review of Section 2254(d)(2)."[2] *Hurles v. Ryan*, 650 F.3d 1301, 1311 (9th Cir. 2011) (citing *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004)); *see also Detrich v. Ryan*, 677 F.3d 958 (9th Cir. 2012).  It also may be appropriate for the Court to hold an evidentiary hearing on Petitioner's claim of innocence because, "[e]ven [though] the [C]ourt finds that § 2254(d)(1) applies in full, it is arguably unconstitutional to the extent that it bars relief for a death row inmate who has established his innocence." *In re Davis*, 557 U.S. ___, 130 S. Ct. 1, 1 (2009) (Stevens, J., concurring).

As the Court observed, "[t]he parties have not yet had an opportunity to brief these issues in this rapidly changing area of the law." (Doc. No. 315 at 25.)  The Court therefore requested briefing regarding "what issues, and in what format, remain to be resolved." (*Id.* at 24.)  While the Court noted that it "is particularly concerned about the adequacy of the record with respect to actual innocence and alibi evidence," (*id.*), that is not its exclusive concern:  the Court is also concerned generally with how much further evidentiary development of the five claims is appropriate or necessary.

A fundamental premise of Petitioner's Motion is mistaken, and the Court need not presently reconsider its Order Regarding § 2254(d)(1).  Accordingly, Petitioner's Motion for Leave to File Motion for Reconsideration of Order Regarding § 2254(d)(1), (Doc. No. 316), is denied.  The parties

---

[2] The Court found that the state courts unreasonably refused to permit Petitioner to submit his alibi evidence.  (Doc. No. 315 at 18–19 n.7.)  The Court is particularly (but not exclusively) interested in the parties' views as to whether this is sufficient under § 2254(d)(2) for the Court to proceed to review Petitioner's claims de novo. *Cf. Williams v. Woodford*, 859 F. Supp. 2d 1154 (E.D. Cal. 2012) (Kozinski, C.J.).

1    jointly shall file an appropriate proposed schedule within thirty days after the present Order is

2    posted.

3        **IT IS SO ORDERED.**

4

5    DATED: March 29, 2012

                                    _____
6                                    SUSAN ILLSTON
                                     United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28