UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE JOHNSON,<br><br>        Petitioner,<br><br>   v.<br><br>RON DAVIS[1], Warden, San Quentin State Prison,<br><br>        Respondent. | Case No. 98-cv-4043-SI<br><br>DEATH PENALTY CASE<br><br>**ORDER GRANTING EVIDENTIARY HEARING AS TO CLAIM I AND DENYING CLAIMS A, H, P, AND Q**<br><br>Re: Dkt. Nos. 346, 364, 376 |

On June 30, 2014, Petitioner filed a Memorandum of Points and Authorities Regarding Claims, which renewed his request for an evidentiary hearing on five claims: A, H, P, I, and the consideration of extrinsic evidence subclaim of Claim Q. (Dkt. 346.) It also outlined the merits of those claims. Respondent filed an opposition and Petitioner replied. (Dkt. 364 and 376, respectively.) The matter is fully briefed and ready for disposition. For the foregoing reasons, an evidentiary hearing is GRANTED as to Claim I. Claims A, H, except to the investigation of innocence subclaim, P, and the consideration of extrinsic evidence subclaim of Claim Q are DENIED.

**BACKGROUND**

Petitioner was convicted of murder (Cal. Penal Code § 187); attempted murder (*id.* § 664); robbery in an inhabited dwelling (*id.* § 213.5); and first-degree burglary (*id.* §§ 459-60). The jury

---

[1] Ron Davis is automatically substituted for his predecessor as the named Respondent pursuant to Federal Rule of Civil Procedure 25(d).

found "special circumstances" of robbery and burglary felony-murder (*id.* § 190.2). The jury also found that Petitioner used a firearm in the commission of these offenses (*id.* § 12022.5), and inflicted great bodily injury in the commission of the attempted murder, the robbery, and the burglary (*id.* § 12022.7). Following the penalty phase of his trial, the jury sentenced Petitioner to death.[2]

On July 20, 1992, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. Answer Ex. 92. The California Supreme Court ordered an evidentiary hearing on the specific question of whether Petitioner "is factually innocent of the murder of Willie Womble, in that his deceased brother, Timothy Johnson, committed the crime." *In re Johnson*, 18 Cal.4th 447, 451 (1998). The court appointed a referee, who made factual findings and credibility determinations following the hearing. *Id.* at 456-57. Ultimately, the referee held that Petitioner, not his brother, was present at the robbery and responsible for Willie Womble's death. *Id.* at 456. The entirety of Petitioner's state habeas petition was denied on the merits.

Petitioner filed his petition for writ of habeas corpus in this Court in 1998. On March 10, 2004, this Court granted Petitioner an evidentiary hearing on Claims A, H, I, P, and part of Claim Q. (Dkt. 119.) Respondent filed a motion to reconsider the grant of the evidentiary hearing as to Claim I, arguing under Civ. L.R. 7-9(b)(3) that the Court manifestly failed "to consider material facts or dispositive legal arguments which were presented" to it. (Dkt. 129.) The Court denied that motion. (Dkt. 131.)

Following the issuance of *Cullen v. Pinholster*, 563 U.S. 170 (2011), Respondent filed a second motion to reconsider the grant of an evidentiary hearing. (Dkt. 277.) The Court granted that motion and asked the parties to brief Petitioner's entitlement to relief under 28 U.S.C. § 2254(d)(1) for Claims A, H, I, P, and the consideration of extrinsic evidence subclaim of Claim Q. (Dkt. 287.) The Court ultimately found that Petitioner had not shown that he was entitled to relief for these claims under § 2254(d)(1). (Order Regarding § 2254(d)(1), Dkt. 317.) The Order, however, noted that the California Supreme Court's decision denying Claim I may have been an

---

[2] The factual background of this case has been set out at length in prior Court orders. *See*, *e.g.*, Dkt. 119. Thus, it will not be repeated here.

unreasonable interpretation of the facts under 28 U.S.C. § 2254(d)(2) in light of that court's narrow framing of the claim and its refusal to allow Petitioner to submit alibi evidence to prove his innocence. (Order Regarding § 2254(d)(1) at 18, n. 7.) The Court asked the parties to brief what issues remained to be resolved and specifically requested the parties to address how much further factual development of the evidentiary claims was appropriate or necessary. (Order Regarding § 2254(d)(1) at 24-25.) The parties have submitted their briefs on those issues. (Dkt. 346, 364, and 376.) Petitioner renews his request for an evidentiary hearing on all five claims and seeks habeas relief based on those claims.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court cannot grant relief on any claim adjudicated on the merits by a state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In *Pinholster*, the Supreme Court held that in determining the reasonableness of a state court's ruling under § 2254(d)(1), federal courts are "limited to the record that was before the state court that adjudicated the claim on the merits." 563 U.S. at 181. The court explained that "evidence later introduced in federal court is irrelevant to § 2254(d)(1) review." *Id.* at 184. Several circuit courts have concluded that under *Pinholster*, district courts should determine whether a petitioner's claims survive the § 2254(d)(1) standard on the basis of the state record alone, without reliance on evidence developed in federal evidentiary hearings. *See*, *e.g.*, *Price v. Thurmer*, 637 F.3d 831, 2011 WL 1458694 (7th Cir.2011); *Jackson v. Kelly*, 650 F.3d 477, 2011 WL 1534571 (4th Cir.2011).

The Supreme Court in *Pinholster* did not hold that a district court would err by conducting an evidentiary hearing before deciding that a claim survives review under § 2254(d). 563 U.S. at 203 n. 20 ("[W]e need not decide . . . whether a district court may ever choose to hold an

3

evidentiary hearing before it determines that § 2254(d) has been satisfied"); *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("Prior to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the decision to grant an evidentiary hearing was left generally to the sound discretion of district courts. That basic rule has not changed" (citations omitted)). Nevertheless, the Supreme Court noted that its decision was "consistent" with *Landrigan* and stated that in *Landrigan*, it:

> explained that "[b]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." [*Landrigan,* 550 U.S.] at 474. In practical effect, we went on to note, this means that when the state-court record "precludes habeas relief under the limitations of § 2254(d), a district court is 'not required to hold an evidentiary hearing.'" *Id.* at 474 (citing with approval the Ninth Circuit's recognition that "an evidentiary hearing is not required on issues that can be resolved by reference to the state court record" (internal quotation marks omitted)).

*Pinholster*, 563 U.S. at 183.

This Court has already addressed whether Petitioner has made the requisite showing under § 2254(d)(1). It has not, however, addressed whether Petitioner has made an alternate showing under § 2254(d)(2). It now does so.

### 1. EVIDENTIARY HEARING FOR CLAIM I

Petitioner's Claim I alleges that he is innocent of capital murder. In the Order Regarding § 2254(d)(1), the Court stated:

> If Petitioner additionally had submitted compelling alibi evidence at the state-court evidentiary hearing, he might have proved his innocence. Petitioner intended to submit alibi evidence at the hearing, but the referee did not permit him to do so. The Supreme Court of California upheld the referee's decision, finding that "the record fails to demonstrate that petitioner had actual alibi evidence to present or what it might have been." But the record *could* not contain alibi evidence precisely *because* the referee did not permit Petitioner to present it. The state court's reasoning in this regard is entirely circular and, accordingly, unreasonable.

(Order Regarding § 2254(d)(1) at 18-19, n. 7.)

4

Petitioner argues that the California Supreme Court's exclusion of his alibi evidence was unreasonable and that the state court record supports the conclusion that Tim Johnson committed the murder of Willie Womble. (Reply at 25-27.)

Respondent argues that the California Supreme Court decision preventing the inclusion of Petitioner's alibi evidence was not unreasonable because there is no United States Supreme Court authority "setting forth the minimum standards for state evidentiary hearings in habeas cases generally, much less on a claim such as that here." (Opposition at 30.) He states that Petitioner was not prepared to present any actual alibi evidence at the hearing and that Petitioner failed to make an offer of proof as to what alibi evidence he possessed and, therefore, the California Supreme Court could not make a judgment as to whether such evidence was properly excluded. (Opposition at 32.) Respondent also argues that an evidentiary hearing would be improper because Petitioner is not entitled to relief on a freestanding actual innocence claim. (Opposition at 24.)

Challenges under § 2254(d)(2) fall into two general categories. "First, a petitioner may challenge the substance of the state court's findings and attempt to show that those findings are not supported by substantial evidence in the state court record. . . . Second, a petitioner may challenge the fact-finding process itself on the ground that it was deficient in some material way." *Hibbler v. Benedetti*, 693 F.3d 1140, 1146 (9th Cir. 2012) (citing *Taylor v. Maddox*, 366 F.3d 992, 999-1000 (9th Cir. 2004)). An unreasonable determination of the facts occurs where the state court fails to consider and weigh highly probative, relevant evidence, central to the petitioner's claim, that was properly presented and made part of the state-court record. *Taylor v. Maddox*, 366 F.3d. 992, 1000–01 (9th Cir. 2004), abrogated on other grounds, *Murray v. Schriro*, 745 F .3d 984, 1000 (9th Cir.2014). In *Hibbler*, the Ninth Circuit stressed that a state court is not required to hold an evidentiary hearing on every factual issue, so long as "the state court reasonably concluded that the evidence already adduced was sufficient to resolve the factual question." 693 F.3d at 1147 (citing *Earp v. Ornoski*, 431 F.3d 1158, 1170 (9th Cir. 2005)).

The Court has reviewed the briefing, the record, and the transcript of the state court proceedings and concludes that the California Supreme Court's denial of Claim I was an

1  unreasonable interpretation of the facts in light of the evidence presented to it. The California
2  Supreme Court's fact-finding process was unreasonable in light of its restrictive narrowing of the
3  claim presented to it and its refusal to consider Petitioner's alibi evidence, which could resolve the
4  factual question of innocence. Accordingly, an evidentiary hearing is ordered on Petitioner's
5  actual innocence claim.

**2.  CLAIMS A, H, P, AND Q**

In its March 30, 2012 order, the Court evaluated the merits of Claims A, H, P, and the consideration of extrinsic evidence subclaim of Claim Q and found that the California Supreme Court's denial of these claims was not contrary to or an unreasonable application of clearly established federal law as contemplated by 28 U.S.C. § 2254(d)(1). (Dkt. 321 at 2.) The Order, however, called for additional briefing as to what evidentiary issues remained to be resolved. (Dkt. 321 at 3.)

Petitioner's briefing on Claims A, H, P, and the subclaim of Claim Q reiterates the merits of the claims, rehashing arguments this Court has already considered and rejected. Because Petitioner has presented nothing new that would cause the Court to reconsider its finding that the California Supreme Court's denial of these claims was not an unreasonable application of clearly established federal law under 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts under § 2254(d)(2), these claims are denied.

The exception to this is the subclaim of Claim H that alleges ineffective assistance of counsel during the guilt phase of Petitioner's trial based on counsel's failure to investigate and discover the evidence presented in connection with Claim I. Because, as noted above, the California Supreme Court's denial of Claim I was an unreasonable determination of the facts on that claim, the Court is not in a position to make a final ruling on this related subclaim. The merits of this subclaim will be addressed following the evidentiary hearing on Claim I.

**ORDER**

For the foregoing reasons, Petitioner's Motion for Evidentiary Hearing is GRANTED as to

1 Claim I. To facilitate preparation for the hearing, the Court will hold a case management
2 conference on July 7, 2016 at 11:00 a.m. in Courtroom No. 1. The parties shall come prepared to
3 discuss administration of the evidentiary hearing, including witnesses to be called and any pre- or
4 post-hearing briefing the parties wish to submit.

Claims A, H, except to the extent that it alleges ineffective assistance of counsel during the guilt phase of Petitioner's trial based on counsel's failure to investigate and discover the evidence presented in connection with Claim I, P and the consideration of extrinsic evidence subclaim of Claim Q are DENIED.

A ruling on the investigation of innocence subclaim of Claim H is DEFERRED until after the evidentiary hearing.

**IT IS SO ORDERED.**

Dated: June 15, 2016

_____
SUSAN ILLSTON
United States District Judge