UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE DARNELL JOHNSON, Petitioner, v. RON DAVIS[1], Warden, San Quentin State Prison Respondent. | Case No. 98-cv-04043-SI <u>DEATH PENALTY CASE</u> **ORDER GRANTING IN PART DISCOVERY MOTIONS** Re: Dkt. Nos. 399, 400, 401 |

On May 1, 2017, the Court scheduled an evidentiary hearing on Claim I to begin on January 8, 2018. (Dkt. 396.) Respondent filed two discovery motions: a motion for leave to conduct discovery, and a motion "clarifying that petitioner may not assert Fifth Amendment privilege concerning events underlying prior conviction." (Dkt. 400, 401.) Petitioner opposed both motions (Dkt. 402, 404), and Respondent replied (Dkt. 403, 405). For the reasons stated herein, those motions are GRANTED IN PART.

**BACKGROUND**

Petitioner was convicted of murder (Cal. Penal Code § 187); attempted murder (id. § 664); robbery in an inhabited dwelling (id. § 213.5); and first-degree burglary (id. §§ 459-60). The jury found "special circumstances" of robbery and burglary felony-murder (id. § 190.2). The jury also found that Petitioner used a firearm in the commission of these offenses (id. § 12022.5), and inflicted great bodily injury in the commission of the attempted murder, the robbery, and the burglary (id. § 12022.7). Following the penalty phase of his trial, the jury sentenced Petitioner to death.

---

[1] Ron Davis is automatically substituted for his predecessor as the named Respondent pursuant to Federal Rule of Civil Procedure 25(d).

On July 20, 1992, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. Answer Ex. 92. The California Supreme Court ordered an evidentiary hearing on the specific question of whether Petitioner "is factually innocent of the murder of Willie Womble, in that his deceased brother, Timothy Johnson, committed the crime." *In re Johnson*, 18 Cal.4th 447, 451 (1998). The court appointed a referee, who made factual findings and credibility determinations following the hearing. *Id.* at 456-57. Ultimately, the referee held that Petitioner, not his brother, was present at the robbery and responsible for Willie Womble's death. *Id.* at 456. The entirety of Petitioner's state habeas petition was denied on the merits.

Petitioner filed his petition for writ of habeas corpus in this Court in 1998. On March 10, 2004, this Court granted Petitioner an evidentiary hearing on Claims A, H, I, P, and part of Claim Q. (Dkt. 119.) Respondent filed a motion to reconsider the grant of the evidentiary hearing as to Claim I, arguing under Civ. L.R. 7-9(b)(3) that the Court manifestly failed "to consider material facts or dispositive legal arguments which were presented" to it. (Dkt. 129.) The Court denied that motion. (Dkt. 131.)

Following the issuance of *Cullen v. Pinholster*, 563 U.S. 170 (2011), Respondent filed a second motion to reconsider the grant of an evidentiary hearing. (Dkt. 277.) The Court granted that motion and asked the parties to brief Petitioner's entitlement to relief under 28 U.S.C. 2254(d)(1) for Claims A, H, I, P, and the consideration-of-extrinsic-evidence subclaim of Claim Q. (Dkt. 287.) The Court ultimately found that Petitioner had not shown that he was entitled to relief for these claims under § 2254(d)(1). (Order Regarding § 2254(d)(1), Dkt. 317.) The Order, however, noted that the California Supreme Court's decision denying Claim I may have been an unreasonable interpretation of the facts under 28 U.S.C. § 2254(d)(2) in light of that court's narrow framing of the claim and its refusal to allow Petitioner to submit alibi evidence to prove his innocence. (Order Regarding § 2254(d)(1) at 18, n. 7.) The Court asked the parties to brief what issues remained to be resolved and specifically requested the parties to address how much further factual development of the evidentiary claims was appropriate or necessary. (Order Regarding § 2254(d)(1) at 24-25.) Ultimately, the Court granted an evidentiary hearing on Claim I and denied claims A, H, except as to the investigation of actual innocence subclaim, P, and the

consideration-of-extrinsic-evidence subclaim of Claim Q. (Dkt. 379.)

In anticipation of the upcoming evidentiary hearing, Respondent filed two discovery motions. (Dkt. 400, 401.) The first motion is a motion for leave to conduct discovery, wherein Respondent requests depositions of Petitioner's trial counsel and depositions of all lay and expert witnesses Petitioner intends to call at the January 8 evidentiary hearing. Respondent also seeks documents possessed by any witnesses to be called at the evidentiary hearing that would support Petitioner's innocence claim and reports satisfying Fed. R. Civ. P. 26(a)(2) by any individuals identified as experts. The second motion seeks an Order declaring either: (1) that Petitioner has waived his Fifth Amendment rights against self-incrimination as they pertain to his actual innocence claim for purposes of his deposition and the hearing, or (2) that should Petitioner invoke such Fifth Amendment rights, the Court would draw a negative inference from such invocation and would not allow Petitioner to testify to such matters at the evidentiary hearing. Finally, Respondent also filed a notice that he intends to rely on this Court's February 1, 2011 Order holding that Petitioner has waived his attorney-client privilege as it pertains to his ineffective assistance of counsel claims. (Dkt. 399.) Petitioner filed oppositions to the formal motions, but did not file a response Respondent's notice of intent to rely on the February 11, 2011 Order. Respondent replied to the oppositions. These matters are now ripe for disposition.

## LEGAL STANDARD

"A judge, may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(b) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. Good cause for discovery under Rule 6(a) is shown "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . .'" *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)); *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005).

3

# DISCUSSION

## I. Waiver of Attorney-Client Privilege

Respondent filed notice of his intent to rely on this Court's statement in its February 1, 2011 Order that, "[a]s Petitioner contends he was deprived of the effective assistance of trial counsel, he has waived, for the purpose of this federal habeas corpus proceeding, his attorney-client privilege with Charles Hoehn III, Virginia V. Hart, and Thomas G. Shelby." (Dkt. 255 at 2.)

"[W]here a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc). When a district court grants an evidentiary hearing into an ineffective assistance of counsel claim, therefore, the attorney-client privilege is waived to the extent necessary to give the respondent a fair opportunity to contest the ineffective assistance claim. *Id.* at 720-21. The scope of that waiver, however, must be limited to the habeas proceeding; the district court must prohibit the government from using the disclosed materials for any purposes other than contesting the ineffective assistance claim, including their use in any retrial of petitioner. *Id.* at 728 (upholding a protective order so limiting the scope of the petitioner's waiver and stating that it would have been an abuse of discretion for the court to have refused to so limit the waiver); *see also id.* at 722 & n.6 (holding that rule applies both to attorney-client communications and to attorney work product). "The defendant impliedly waives his attorney-client privilege the moment he files a habeas petition alleging ineffective assistance of counsel," not simply once a defendant brings a question of privilege to the court's attention. *Lambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012).

Consequently, a district court is "obligated under *Bittaker* to issue a protective order prior to authorizing discovery on a defendant's ineffective assistance claim to ensure compliance with the fairness principle." *Id.* at 819 (district court abused discretion in issuing protective order after issuing orders authorizing discovery) (quotations omitted). If a petitioner discloses privileged material in an evidentiary hearing on his ineffective assistance of counsel claim, *Bittaker*'s limited waiver principle prohibits the government from using the materials for any purpose other than contesting the ineffective assistance claim, including their use in a resentencing of petitioner. *Id.*

4

at 818, 824-25.

Pursuant to *Bittaker* and *Lambright,* this Court's prior statement regarding Petitioner's waiver of his attorney-client privilege remains valid. However, it is noted that the upcoming evidentiary hearing focuses not on Petitioner's ineffective assistance of counsel claim, but rather on his actual innocence claim. Thus, the Court will tailor pre-hearing discovery to address that specific claim.

Additionally, the Court reminds that parties that it issued a Protective Order on April 28, 2005 (Dkt. 162) that remains in effect. The parties shall abide by that Order when dealing with any privileged information.

## II.     Depositions and Other Discovery

In his motion for discovery, Respondent seeks: (A) leave to take the deposition(s) of all lay and expert witnesses Petitioner intends to call at the January 8, 2018 evidentiary hearing, including incarcerated witnesses; (B) leave to take the deposition(s) of Petitioner's surviving trial counsel Virginia Hart and Charles Hoehn III, regardless of whether Ms. Hart or Mr. Hoehn are identified as an intended witness for the upcoming hearing; (C) the production of any documents possessed by any lay or expert witness to testify at the evidentiary hearing that may support Petitioner's innocence claim; and (D) the production of a report by any expert witness to be deposed that satisfies the requirements of Fed. R. Civ. P. 26(a)(2).

Rule 6(a) of the Federal Rules Governing Section 2254 cases gives the District Court wide discretion in determining whether there is good cause to permit discovery in a habeas proceeding. See Advisory Committee Notes to Rule 6(a) (stating that the rule "contains very little specificity as to what types and methods of discovery should be made available to the parties in a habeas proceeding ..." and that "[t]he purpose of this rule is to get some experience in how discovery would work in actual practice by letting District Court judges fashion their own rules in the context of individual cases"). The Ninth Circuit has held that discovery is proper where essential to resolution of a claim. *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir.2005); *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir.1997).

This action has been pending for nearly twenty years in this Court alone. The murder for

5

1 which Petitioner was convicted occurred more than thirty years ago. Lay witnesses' memories likely have faded over that time. Some may have testified at the California Supreme Court hearing on this issue; some may not have. Thus, good cause exists to depose these witnesses prior to the evidentiary hearing to learn what their intended testimony may be. Good cause also exists for deposing any expert witnesses whom Petitioner intends to have testify at the hearing and requiring a report from said expert(s) that complies with Fed. R. Civ. P. 26(a)(2).

Respondent also has shown good cause to depose Petitioner's surviving trial counsel. Whether Petitioner told counsel he was innocent is relevant to the determination of this claim. Respondent is directed, however, to keep questioning narrowly tailored and focused on the claim that is the focus of the evidentiary hearing.

Rule 6 also provides that "[i]f the government is granted leave to take a deposition, the judge may require the government to pay the travel expenses, subsistence expenses, and fees of the moving party's attorney to attend the deposition." Respondent shall pay for his own expenses as outlined in Rule 6.

### III. Fifth Amendment Privilege against Self-Incrimination

The Ninth Circuit has held that it is fair to require a waiver of the Fifth Amendment privilege against self-incrimination when a petitioner places his state of mind or mental health at the time of the crime at issue in a habeas claim. *Lambright*, 698 F.3d at 823. Such a rationale applies equally to an innocence claim. *See id.* ("Moreover, some claims, such as the one asserted by Lambright in this case, cannot be asserted without some waiver of the privilege.") While the Court could allow Petitioner to invoke his Fifth Amendment right against self-incrimination and draw a negative inference from such invocation, it remains that Petitioner himself placed the circumstances surrounding the crime in controversy with the actual innocence claim. Respondent should be allowed an opportunity to question him about his claim. However, the waiver is not without its limitations.

Similar to the narrow waiver of attorney-client privilege outlined in *Bittaker*, this waiver is only "to the extent necessary to allow the State a fair opportunity to defend against such claim."

*Id.* Because "the logic that a habeas petitioner should not be disadvantaged at retrial because his constitutional rights were violated in his first trial applies equally whether the disadvantage is the disclosure of attorney-client materials or the waiver of the Fifth Amendment privilege," the parties shall abide by the existing Protective Order as it concerns materials or evidence wherein Petitioner would have invoked his Fifth Amendment right against self-incrimination.

Respondent argues that this waiver should extend to Petitioner's 1981 conviction, particularly in light of the fact Petitioner cannot be held to stand trial for that crime a second time. The upcoming evidentiary hearing focuses on Petitioner's innocence of the murder of Willie Womble and Respondent has not shown that the 1981 conviction is relevant to the claim before the Court. Accordingly, the Court will not require Petitioner to waive his Fifth Amendment rights as to the 1981 conviction.

**CONCLUSION**

Petitioner has waived his attorney-client privilege rights in a limited matter as to any ineffective assistance of counsel claim he has asserted in his petition for writ of habeas corpus. The protective order entered on April 28, 2005 is still in effect.

Respondent is granted leave to take the depositions of any lay and expert witnesses that Petitioner intends to have testify at the evidentiary hearing, as well as the depositions of surviving trial counsel regardless of whether they testify at trial. Respondent shall bear the costs of those depositions as outlined in Rule 6. Respondent may request from deponents any documents which support Petitioner's innocence claim.

Any experts Petitioner intends to have testify at the evidentiary hearing shall produce a report in compliance with Fed. R. Civ. P. 26(a)(2)(b). Petitioner has waived his Fifth Amendment right against self-incrimination as it pertains to his actual innocence claim for the current conviction only. The April 28, 2005 Protective Order shall encompass this waiver as well.

**IT IS SO ORDERED**.

Dated: June 16, 2017

SUSAN ILLSTON
United States District Judge

7