UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE DARNELL JOHNSON,<br>　　　　　　Petitioner,<br><br>　　v.<br><br>RON BROOMFIELD,<br>　　　　　　Respondent. | Case No. 98-cv-04043-SI<br><br>**ORDER DENYING MOTION TO RECONSIDER**<br><br>Re: Dkt. No. 547 |

Petitioner has filed a motion for reconsideration of the Court's Order Regarding Claims I and H. (ECF Doc. Nos. 538, 539).[1] Respondent opposes petitioner's request. (ECF Doc. No. 541) In a reply to respondent's opposition, petitioner further requests an evidentiary hearing to hear the testimony of John Allen Duchine. Duchine has recently been released from prison and wishes to provide live testimony to help petitioner get released as well. Respondent opposes petitioner's request for an additional evidentiary hearing. (ECF Doc. No. 547)

For the reasons stated below, petitioner's motion for reconsideration, as well as his request for an additional evidentiary hearing, are **DENIED**.

**BACKGROUND**

The factual background of this case has been outlined in previous orders and shall not be repeated in detail here. (ECF Doc. No. 358) In brief, petitioner was convicted in 1987 of the murder of Willie Womble and the attempted murder of her daughter, Angela Womble. Evidence at trial established that on July 1, 1986, John Allen Duchine, and another man arrived at the Wombles'

---

[1] The Court construes petitioner's motion as a motion seeking leave to file a motion for reconsideration. *See* Civil Local Rule 7-9(a).

house and demanded money. When the expected amount of money was not produced, Angela and her mother were shot. Angela survived but her mother did not. Angela subsequently identified Duchine by name and picked petitioner's photo out of a photo line-up. Duchine's trial took place after petitioner was tried and convicted. At his trial, Duchine testified that petitioner was the second shooter at the Womble residence.

In claim I, petitioner alleges actual innocence. In claim H, petitioner alleges that his trial counsel provided ineffective assistance by failing to conduct a reasonable investigation of petitioner's guilt or innocence. Following an evidentiary hearing held in 2018, the Court denied claims I and H. (ECF Doc. No. 358) The instant motion for reconsideration followed.

## LEGAL STANDARD

Civil Local Rule 7-9 provides a procedure whereby a litigant dissatisfied with an interlocutory ruling may seek leave to file a motion for reconsideration. *Meas v. City & County of San Francisco*, 681 F. Supp. 2d 1128, 1143 (N.D. Cal. 2010); *see also* Fed. R. Civ. P. 54(b). The moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b). Motions for reconsideration are generally disfavored and are not the place for parties to make new arguments not raised in their original briefs. *Arakji v. Microchip Tech. Inc.*, No. 19- 2936 BLF, 2019 WL 5626265 at *1 (N.D. Cal. 2019). Nor shall they be used to ask the Court to rethink what it has already thought. *Garcia v. City of Napa*, No. 13-3886 EDL, 2014 WL 342085 at *1 (N.D. Cal. 2014); Civ. L..R. 7-9(c).

**DISCUSSION**

Petitioner disagrees with the Court's denial of claims I and H, and requests another hearing to hear the testimony of Duchine. Each matter shall be addressed below.

### A. Claim I (Actual Innocence)

Petitioner contends that the Court should reconsider its deferential treatment of the state court's credibility findings regarding Duchine's testimony at petitioner's 1996 evidentiary hearing in state court. At that hearing, Duchine identified petitioner as a culpable party and recanted a prior declaration, signed in 1992, in which he stated that petitioner's brother, Tim Johnson, who died in 1989, shot and killed Willie Womble. *In re Johnson*, 18 Cal. 4th 447, 457-57 (1998).

A state court's factual findings, specifically as to witness credibility, are entitled to deference unless they are not fairly supported by the record. *See Carriger v. Stewart*, 132 F.3d 463, 473 (9th Cir. 1997). This Court found that the state court's findings were fairly supported by the record. (ECF Doc. 538 at 5-6) Supporting the state court's finding that Duchine was credible in identifying petitioner as the shooter is evidence including Duchine's testimony from his own trial, which was introduced at the 1996 hearing, Duchine's live testimony at the 1996 hearing, Duchine's letter to the court in advance of the 1996 hearing disavowing his 1992 declaration, Duchine's live testimony disavowing the declaration, as well as the evidence adduced against petitioner at petitioner's own trial. Petitioner is asking the Court to reject factual findings made twenty-five years ago, reject Duchine's twice-given in-court testimony, which was subjected to cross-examination, in favor of Duchine's 1992 declaration, which Duchine himself has disavowed. Not only does petitioner fail to make the required showing to obtain reconsideration of this matter, but he also reiterates previously rejected arguments, in contravention of the Civil Local Rule 9(c).

Petitioner further contends that the state court's credibility findings were skewed by its rejection of petitioner's alibi evidence. The state court evidentiary hearing in 1996 addressed the specific question of whether petitioner was "factually innocent of the murder

3

of Willie Womble, in that his deceased brother, Timothy Johnson, committed the crime." *In re Johnson*, 18 Cal. 4th at 451. The state court referee did not permit petitioner to present alibi evidence, *id*. at 457-58, and ultimately found that petitioner, not his brother, was present at the robbery and responsible for Willie Womble's death. *Id*. at 456. Contrary to petitioner's contentions, nothing in the record suggests that the state court would have made different credibility findings had petitioner presented alibi evidence. Indeed, the state court expressly based its credibility finding on circumstances divorced from the substance of the witnesses' testimony. *See In re Johnson*, 18 Cal. 4th at 457 (citing referee's findings). Petitioner offers no valid basis for asking the Court to disregard the state court's credibility findings and undertake its own factual inquiry. In any event, petitioner's contentions have been raised and rejected before, and are not subject of reconsideration. (ECF No. 538 at 6); Civ. L.R. 7-9(c).

### B. Claim H (Inefffective Assistance)

Petitioner requests the Court to reconsider its denial of his ineffective assistance of counsel claim alleging that his trial counsel failed to investigate Tim Johnson's guilt of the Womble homicide. Again, petitioner cites no legitimate ground for reconsideration. *See* Civ. L.R. 7-9(b). Furthermore, petitioner's allegations lack merit. Any lack of investigation of Tim does not necessarily reflect a failure on the part of counsel. As respondent points out, Tim told trial counsel's investigator, Stanley Hallmark, that he would not talk to him. (ECF Doc. No. 532 at 6) Hallmark's post-evidentiary hearing statement also reflects petitioner's family's active thwarting of any investigation of Tim. (ECF Doc. No. 352 at 6-7 & 8-10) Additionally, petitioner's former post-conviction counsel secured a declaration from trial counsel, Thomas Shelby, but conspicuously omitted any inquiry about any investigation of Tim, despite the fact that petitioner was raising a claim that Shelby failed to investigate petitioner's alleged innocence.

Even assuming that trial could and should have conducted a further investigation of Tim, petitioner cannot show prejudice. The substance of the testimony of the witnesses

petitioner presented at his state court hearing in 1996 showed no more than that Tim might have been involved in the planning of the murder-robbery, not that he was the shooter to the exclusion of petitioner. (ECF Doc. No. 538 at 10)  Accordingly, reconsideration of claim H is denied.

### C.  New Hearing To Hear Testimony From Duchine

Petitioner requests that the court schedule a hearing to hear the testimony of Duchine, who was recently released from prison and wants to help petitioner be released as well. Petitioner requests that the Court set a hearing date so that Duchine may be subpoenaed to appear without having his conditions of parole be violated, and also requests that the Court issue an order barring the parties from contacting Duchine until after he has testified at the hearing. (ECF Doc. No. 545 at 5)

Petitioner does not offer a statement from Duchine in support of his request. Assuming that Duchine would, if a hearing were held, testify in petitioner's favor and attempt to exonerate him, a hearing is nonetheless unwarranted because petitioner could not overcome the state court's factual findings with respect to Duchine. This Court has already determined that the state court's factual findings were supported by the record that was before the state court. (ECF Doc. No. 538 at 6)  Petitioner cites no authority permitting him to attack a state court credibility finding against his own witness by simply recalling that same witness in federal court to provide different testimony from that presented in state court.

More importantly, assuming again that Duchine would, at this time, testify in petitioner's favor, a hearing is not warranted because such testimony would not sufficiently strengthen his claim.  To establish innocence,  petitioner has the burden of meeting an "extraordinarily high" threshold of proof and making a "truly persuasive" showing of innocence. *Carriger v. Stewart*, 132 F.3d at 476.  It is not sufficient to establish reasonable doubt or insufficient evidence to convict, or even "cast a shadow of doubt over the reliability of his conviction."  *Id*. at 476-77.  The Court has already reviewed the entire state court

1  record, as well as evidence presented at the evidentiary hearing of 2018, and found it
2  insufficient to establish a freestanding claim of innocence. (ECF Doc. No. 538 at 5-58)
3  Petitioner asks to add another recantation by Duchine to the calculus, but any gain provided
4  by Duchine's exonerating testimony will be negated by the fact that it would constitute yet
5  another sworn change-of-testimony added to his history of providing conflicting testimony.

6  To re-iterate, Duchine (1) testified at his own trial in 1988 that petitioner was the
7  second perpetrator in the Womble homicide, (2) signed a sworn declaration in 1992
8  recanting his 1988 testimony and asserting instead that Tim Johnson was the second
9  perpetrator, (3) testified at petitioner's 1996 state court hearing and recanted his 1992
10 declaration, and (4) has waited twenty-five years since his last testimony to again recant his
11 identification of petitioner. Petitioner's contention that this Court should reconsider its
12 decision rejecting petitioner's claim of innocence based on Duchine's testimony is meritless.
13 The Ninth Circuit has cautioned that recantation testimony is dubious:

> As a general matter, "[r]ecantation testimony is properly viewed with great suspicion." *Dobbert v. Wainwright*, 468 U.S. 1231, 1233, 105 S.Ct. 34, 82 L.Ed.2d 925 (1984) (Brennan, J., dissenting from denial of certiorari); *see also Allen v. Woodford*, 395 F.3d 979, 994 (9th Cir.2005). "Recanting testimony is easy to find but difficult to confirm or refute: witnesses forget, witnesses disappear, witnesses with personal motives change their stories many times, before and after trial." *Carriger*, 132 F.3d at 483 (Kozinski, J., dissenting). "It upsets society's interest in the finality of convictions, is very often unreliable and given for suspect motives...." *Dobbert*, 468 U.S. at 1233–34, 105 S.Ct. 34. For these reasons, a witness' "later recantation of his trial testimony does not render his earlier testimony false." *Allen*, 395 F.3d at 994; *see also Christian v. Frank*, 595 F.3d 1076, 1084 n. 11 (9th Cir.2010). Rather, a witness' recantation is considered in addition to his trial testimony and in the context in which he recanted when assessing the likely impact it would have on jurors. *See Christian*, 595 F.3d at 1084 n. 11 (considering the timing of the witness' recantation and the contents of his earlier testimony in assessing the weight of the recantation); *Graves v. Cockrell*, 351 F.3d 143, 153 (5th Cir.2003) (noting that a recanting witness had given numerous contradictory statements in assessing the weight to give to his new testimony).

*Jones v. Taylor*, 763 F.3d 1242, 1248 (9th Cir. 2014). Here, any testimony from Duchine would be irrevocably tainted by his history of providing conflicting versions of the relevant events and would not aid petitioner in establishing innocence. Accordingly, his petitioner's

6

request for another hearing is denied.

## CONCLUSION

For the above-mentioned reasons, petitioner's motion for reconsideration and request for an additional evidentiary hearing are **DENIED**.

**IT IS SO ORDERED**.

Dated: September 14, 2021

SUSAN ILLSTON
United States District Judge